# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN MURDOCK,<br><br>    Plaintiff,<br><br>    v.<br><br>MCLANE/SUNEAST, INC., a Texas corporation, and DOES 1 through 100<br><br>    Defendants. | Case No. 5:21-cv-00657-JWH (SPx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [ECF No. 14]** |

Before the Court is the motion of Plaintiff Robin Murdock to remand this case to San Bernardino County Superior Court.[1] The Court finds this matter appropriate for resolution without a hearing. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support and in opposition,[2] the Court orders that the Motion is **DENIED**, for the reasons set forth herein.

## I. BACKGROUND

Murdock was employed by Defendant McLane/Sunset East, Inc. ("MSE") as a non-exempt hourly employee in California.[3] Murdock filed this labor dispute against MSE in San Bernardino County Superior Court on December 10, 2020.[4] On February 25, 2021, Murdock filed and served her First Amended Complaint.[5]

Murdock asserts eight claims for relief: (1) unfair business practices under California's Unfair Competition Law; (2) "unpaid wages" based on a failure to pay overtime and meal and rest period payments at "the regular rate"; (3) wage statement penalties; (4) failure to authorize and permit rest periods; (5) waiting time penalties; (6) unpaid wages for work allegedly performed "off the clock" while being subjected to bag checks; (7) unreimbursed business

---

[1] Mot. to Remand Case to San Bernardino Superior Court (the "Motion") [ECF No. 14].
[2] The Court considered the following papers: (1) the Notice of Removal (the "Removal Notice") [ECF No. 1]; (2) the Compl. (the "Complaint") [ECF No. 1-1]; (3) the First Am. Compl. (the "Amended Complaint") [ECF No. 1-3]; (4) the Motion (including its attachments); (5) Def.'s Opp'n to the Motion and Request for Attorneys' Fees and Costs of $3,500 (the "Opposition") [ECF No. 16]; and (6) Pl.'s Reply to Def.'s Opp'n to the Motion (the "Reply") [ECF No. 17].
[3] Amended Complaint ¶ 13.
[4] *See generally* Complaint.
[5] *See generally* Amended Complaint.

expenses; and (8) civil penalties under Cal. Lab. Code §§ 2698, *et seq*.[6]  Murdock seeks to prosecute this action on behalf of a proposed class and six subclasses.[7]

MSE removed this action to federal court on April 13, 2021.[8]  In its Removal Notice, MSE asserts that this Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because minimal diversity exists, the controversy exceeds $5 million exclusive of interest and costs, and the number of members of all proposed Murdock classes in the aggregate is at least 100 class members.[9]  MSE made its own calculations regarding the potential liability for several claims for relief and alleged that those claims alone amount to over $18 million.[10]  Murdock now moves to remand, arguing that removal was not timely and that MSE failed to introduce any evidence to support its allegation that this court has jurisdiction.[11]

## II.  LEGAL STANDARD

A defendant may remove an action from state court to federal court if the plaintiff could have originally filed the action in federal court.  *See* 28 U.S.C. § 1441(a).  CAFA provides federal subject matter jurisdiction if (1) the proposed plaintiff class is not less than 100 members; (2) the parties are minimally diverse; and (3) the aggregate amount in controversy exceeds $5 million.  28 U.S.C. § 1332(d)(2) & (5)(B).  "Congress intended CAFA to be interpreted expansively."  *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

The party seeking removal bears the burden of establishing federal subject matter jurisdiction under CAFA.  *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676,

---

[6]  *Id.* at ¶¶ 20-88.
[7]  *Id.* at ¶ 15.
[8]  *See generally* Removal Notice.
[9]  *Id.* at ¶ 2.
[10]  *Id.* at ¶ 36.
[11]  *See generally* Motion.

683 (9th Cir. 2006). When the amount in controversy is not apparent from the face of the complaint, the removing party "must prove by a preponderance of the evidence that the amount in controversy requirement [under CAFA] has been met." *Id.* Generally, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." However, when a plaintiff contests the amount in controversy put forth by the defendant, "[e]vidence establishing the amount is required. . . ." *Dart Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The parties, thus, "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." *Id.*

      Removal under CAFA must also be timely. A defendant must remove the case to federal court "(1) during the first thirty days after the defendant receives the initial pleading, or (2) during the first thirty days after the defendant receives 'an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable.'" *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015) (quoting 28 U.S.C. § 1446(b)(1) & (b)(3)) (italics omitted). The first time period under 28 U.S.C. § 1446(b)(1) is "triggered if the case stated by the initial pleading is removable on its face," and the second time period under 28 U.S.C. § 1446(b)(3) is "triggered if the initial pleading does not indicate that the case is removable, and the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (internal quotation marks and citations omitted).

### III. DISCUSSION

#### A. Timeliness

Murdock argues that removal was not timely because MSE did not remove this action within 30 days of receiving either the originally filed Complaint or Amended Complaint.[12] Thus, the Court should remand this case to San Bernardino County Superior Court.[13] MSE responds that the 30-day removal period was not triggered because the pleadings did not affirmatively reveal the facts necessary for federal court jurisdiction.[14]

If the face of the Complaint does not reveal that the case is removable, then MSE would not have an affirmative obligation to calculate the amount in controversy to determine whether CAFA jurisdiction is proper under 28 U.S.C. § 1446(b)(1). *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) ("removability under [28 U.S.C.] § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry"). If CAFA was interpreted otherwise—to require a defendant to investigate the necessary jurisdictional facts—then "defendants would be faced with an unreasonable and unrealistic burden to determine removability within thirty days after receiving the initial pleading." *Id*. Thus, "the ground for removal must be revealed **affirmatively** in the initial pleading in order for the . . . thirty-day clock under [the removal statute] to begin." *Id.* at 695 (emphasis added); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) (even where it would be a fair assumption from the named plaintiff's alleged damages to conclude that the amount in controversy is met, defendant is not charged with

---

[12] Motion 6:15-10:9.
[13] *Id.* at 4:23-24.
[14] Opposition 5:6-7:9.

notice of removability absent the receipt of a paper indicating the amount demanded by the putative class as a whole).

From a review of the Complaint filed on December 10, 2020, and the Amended Complaint filed on February 25, 2021, it does not appear that either document affirmatively reveals that the amount in controversy in this action exceeds $5 million. Murdock does not estimate damages within her pleadings, and MSE did not have a duty to consult its records to estimate them. *Harris*, 425 F.3d at 694. Nor does Murdock allege any financial figures that, after simple multiplication, would have made clear that this Court has jurisdiction under CAFA. Thus, a 30-day removal period was never triggered, and MSE's removal on April 13, 2021, after its own investigation, was proper.

### B. Merits of Removal

Next, Murdock challenges MSE's removal by arguing that MSE does not offer evidence to support its claims that the amount-in-controversy exceeds $5 million.[15] Murdock also contends that MSE improperly aggregated putative class member claims and speculated about the class size, about average wage rates of putative class members, and about the magnitude of attorneys' fees.[16]

First, MSE need not have submitted evidence regarding the amount in controversy at the time of removal. *See Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (noting a "removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements") (internal quotations and citation omitted). In opposition to Murdock's Motion to Remand, MSE also submits the declaration of Stephanie McAtee, Director of Payroll, attesting to the data underlying

---

[15]   Motion at 10:11-19. The Court observes, though, that Murdock does not challenge that the other requirements of CAFA jurisdiction are met here; *i.e.*, that there is minimal diversity, and the class size exceeds 100 members. *See generally id.*

[16]   *Id.* at 12:16-13:8.

MSE's amount-in-controversy requirements.[17] Thus, Murdock's challenge to the sufficiency of MSE's evidence in support of the court's subject matter jurisdiction is unfounded.

Second, a review of MSE's Removal Notice and its Opposition causes the Court to conclude that MSE has shown by a preponderance of the evidence that the amount-in-controversy exceeds $5 million. Murdock alleges nine claims for relief on behalf of six proposed subclasses.[18] MSE estimates that Murdock's claim for rest break violations alone amounts to a potential liability exceeding $5 million,[19] relying on reasonable assumptions such as a 20% violation rate and a $18.96 effective hourly rate.[20] Moreover, Murdock has failed to submit any evidence that the amount in controversy amounts to less than $5 million. *See, e.g.*, *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 401 (9th Cir. 2010) (vacating remand order because "[t]he Plaintiff is seeking recovery from a pot that Defendant has shown could exceed $5 million and the Plaintiff has neither acknowledged nor sought to establish that the class recovery is potentially any less").

## IV. CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The Court **DENIES** the Murdock's Motion to Remand.

---

[17] Decl. of Stephanie McAtee in Supp. of the Opposition [ECF No. 16-1]. Murdock raises evidentiary objections to the McAtee declaration. *See* Pl.'s Objections to Decl. of Stephanie McAtee [ECF No. 17-1]. Many of Murdock's objections, however, are unfounded, and the declaration sufficiently supports the court's exercise of jurisdiction. Accordingly, Murdock's evidentiary objections are **OVERRULED**.

[18] Amended Complaint at ¶ 15.

[19] Opposition at 18:12-15.

[20] *Id*. at 17:7-8 & 18:12-15. Citing *Urbino v. Orkin Servs. of Cal.*, 726 F.3d 1118, 1122 (9th Cir. 2013), Murdock argues MSE improperly attempts to aggregate putative class claims. *See* Motion at 12:21-22. But *Urbino* is inapposite, as it involved aggregation for purposes of meeting the $75,000 amount-in-controversy for purposes of diversity jurisdiction, rather than jurisdiction under CAFA.

2. The Court likewise **DENIES** the Murdock's request for an award of $3,500 in attorneys' fees.

**IT IS SO ORDERED.**

Dated: December 17, 2021



John W. Holcomb
UNITED STATES DISTRICT JUDGE